UNITED STATES of America,
Plaintiff–Appellee,

v.

Gilbert MARISCAL, Jr.,
Defendant–Appellant.

No. 89–10655.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1991.

Decided July 31, 1991.

William G. Walker, Stompoly & Stroud, Tucson, Ariz., for defendant-appellant.

David A. Kern, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BRUNETTI and RYMER, Circuit Judges, and WILSON,* District Judge.

RYMER, Circuit Judge:

A jury convicted Gilbert Mariscal, Jr., of conspiracy to distribute cocaine and use of a telephone to facilitate the distribution of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 843(b) & 846. He was tried along with seven codefendants and claims the district court erred in denying his motion for severance. We affirm.

I

Part of the government's case against Mariscal consisted of the testimony of Andres Serrano, who said that Rodimiro Rojas–Oquita, a codefendant of Mariscal's, had told him Mariscal owed Rojas–Oquita money from cocaine transactions. Mariscal claims that the government waited until a day before trial to inform him that Serrano would testify against him. He says his counsel then contacted counsel for Rojas–Oquita to determine if Rojas–Oquita planned to take the stand at their joint trial. Mariscal contends that Rojas–Oquita's testimony would have given him an opportunity to contradict Serrano's version of the conversations incriminating Mariscal. Rojas–Oquita was not sure whether he would testify, and the trial began.

As the trial progressed, Mariscal learned that Rojas–Oquita would not be testifying. He then moved, in mid-trial and for the first time, for a severance pursuant to Federal Rule of Criminal Procedure 14 in order to benefit from allegedly exculpatory testimony Rojas–Oquita was prepared to offer on his behalf. Mariscal did not present the court with an affidavit in support of his motion, which the district court denied.

II

■ "Co-defendants jointly charged are, *prima facie,* to be jointly tried." *United States v. Doe,* 655 F.2d 920, 926 (9th Cir. 1980). *See United States v. Silla,* 555 F.2d

703, 707 (9th Cir.1977) ("compelling circumstances" generally required to show necessity of separate trial). We review the district court's denial of a motion to sever for abuse of discretion, and "[t]o satisfy this heavy burden, an appellant must show that the joint trial was so prejudicial as to require the exercise of the district judge's discretion in only one way: by ordering a separate trial." *United States v. Ford,* 632 F.2d 1354, 1373 (9th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981).

■ In considering a defendant's claim that a codefendant will provide exculpatory testimony, a district court must weigh a number of factors, among them, "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the probability that such testimony will materialize, [and] the economy of a joint trial." *United States v. Kaplan,* 554 F.2d 958, 966 (9th Cir.) (per curiam), *cert. denied,* 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977). This list is not exclusive. *Id.* We now join a parade of circuits in holding that a district court must also consider the exculpatory nature and effect of the desired testimony—in other words, the *degree* to which the asserted codefendant testimony is exculpatory. *See United States v. Rocha,* 916 F.2d 219, 232 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Ford,* 870 F.2d 729, 731 (D.C.Cir.1989); *United States v. Machado,* 804 F.2d 1537, 1544 (11th Cir.1986); *United States v. DeLuna,* 763 F.2d 897, 920 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985); *United States v. McConnell,* 749 F.2d 1441, 1445 (10th Cir. 1984); *United States v. Drougas,* 748 F.2d 8, 19 (1st Cir.1984); *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir.1983); *United States v. Boscia,* 573 F.2d 827, 832 (3d Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2248, 56 L.Ed.2d 411 (1978); *United States v. Abraham,* 541 F.2d 1234, 1240 (7th Cir.

* The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

1976) (per curiam), *cert. denied,* 429 U.S. 1102, 97 S.Ct. 1128, 51 L.Ed.2d 552 (1977); *see also United States v. Whitley,* 734 F.2d 1129, 1139 (6th Cir.1984) (defendant must show that codefendant testimony "would be exculpatory"); *United States v. Finkelstein,* 526 F.2d 517, 524 (2d Cir.1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976) (considering degree to which exculpatory testimony would be cumulative); *United States v. Varbel,* 579 F.Supp. 683, 685, 687 (D.Ariz.1984) (citing *Boscia* and concluding that proffered codefendant testimony was "not so clearly exculpatory as to outweigh the judicial economy of a joint trial").

 In *United States v. Vigil,* 561 F.2d 1316 (9th Cir.1977) (per curiam), we held that a defendant seeking severance under these circumstances must show "that the testimony would be favorable to the moving defendant." *Id.* at 1317. That is a necessary, rather than a sufficient, condition for severance. Given the extremely narrow scope of our review, *see United States v. Stirling,* 571 F.2d 708, 732 (2d Cir.) (severance question is " 'virtually unreviewable' ") (quoting 8 Moore's Federal Practice ¶ 14.02[1], at 14–3 (2d ed. 1977) (footnote omitted)), *cert. denied,* 439 U.S. 824, 99 S.Ct. 93, 58 L.Ed.2d 116 (1978), we hold that a moving defendant must show more than that the offered testimony would benefit him; he must show that the codefendant's testimony is "substantially exculpatory" in order to succeed. *Ford,* 870 F.2d at 732; *DeLuna,* 763 F.2d at 920; *see also Abraham,* 541 F.2d at 1240 (no abuse of discretion when "the testimony would not amount to a dramatic and convincing exculpation of the co-defendants"); *Varbel,* 579 F.Supp. at 687 (proposed testimony not "clearly exculpatory"). A showing that the testimony would merely contradict portions of the government's proof is insufficient. *DeLuna,* 763 F.2d at 920 (quoting *United States v. Garcia,* 647 F.2d 794, 796 (8th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981)); *Abraham,* 541 F.2d at 1240.

 Applying these standards, we conclude that the district court did not abuse

its discretion in denying Mariscal's motion to sever. The joint trial was well under way, Mariscal did not present an affidavit from Rojas–Oquita swearing that Rojas–Oquita would testify at a separate trial and the suggested testimony would serve only to contradict one government witness, leaving other inculpatory evidence that in and of itself would be sufficient to support a conviction against Mariscal. *Cf. United States v. Seifert,* 648 F.2d 557, 564 (9th Cir.1980) (district court's denial of severance was abuse when remaining unrebutted testimony was insufficient to convict). Furthermore, Mariscal's counsel indicated that Rojas–Oquita would consent to testify "at a subsequent trial." A district court does not abuse its discretion "in refusing to accede" to a codefendant's offer to testify when that offer is conditioned upon his trial being completed first. *United States v. Gay,* 567 F.2d 916, 919–20 (9th Cir.), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978); *see also Parodi,* 703 F.2d at 780 (calling tactic a "simple alibi-swapping device"); *Gay,* 567 F.2d at 920 (court may refuse to allow defendants to "play games"). We cannot conclude that the district court could have exercised its discretion only in Mariscal's favor.

### III

Mariscal contends that there were other errors at his trial. None of his arguments has merit, as we hold in an accompanying unpublished memorandum disposition. We vacate his sentence for the reasons stated in our memorandum disposition.

Mariscal's conviction is AFFIRMED. His sentence is VACATED and the case is REMANDED for resentencing.