960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador RIOS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene PERALES, Defendant-Appellant.
 Nos. 90-30442, 90-30443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1992.
Decided April 15, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A Drug Enforcement Administration (DEA) investigation in Burley, Idaho revealed the drug trafficking activities of Jose Zamora, Tom Rudy, Salvador Ramirez Rios (Rios), Rene Perales (Perales), and Gerald Rex Draper stemming from a delivery of 4 kilograms of cocaine on March 17, 1989. Both Rios and Perales appeal their convictions. We affirm.
 
 DISCUSSION
 I. Multiple Conspiracies
 
 3
 Perales' and Rios' convictions for a single conspiracy do not violate the Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), prohibition against charging a single conspiracy when in fact there are multiple conspiracies. There was sufficient evidence upon which a rational trier of fact could have found one single conspiracy. United States v. Mastelotto, 717 F.2d 1238, 1246 (9th Cir.1983); United States v. Zemek, 634 F.2d 1159, 1167 (9th Cir.1980), cert. denied, 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981). The evidence of the numerous drug transactions and prior bad criminal acts showed the background and development of the conspiracy involving the same individuals and similar crimes. See United States v. Brown, 912 F.2d 1040, 1044 (9th Cir.1990); United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir.1985) (admissible under Fed.R.Evid. 404(b)).
 
 
 4
 Contrary to the defendants' assertions, Rios and Perales knew of the other participants and worked with them in furtherance of the single conspiracy. See Brown, 912 F.2d at 1044; United States v. Kenny, 645 F.2d 1323, 1334-35 (9th Cir.), cert. denied, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). Some evidence even suggested that they were at the very center of the conspiracy. The fact that there may have been subgroups within this single conspiracy, e.g., Perales' and Draper's ongoing narcotics sales, does not negate the existence of a single conspiracy. See Zemek, 634 F.2d at 1167. Furthermore, the district court gave the Model Ninth Circuit Jury Instruction on multiple conspiracies, Manual of Model Criminal Jury Instructions for the Ninth Circuit 8.05B (1989), and thus, the jury was adequately instructed that it had to agree unanimously upon the existence of the same single conspiracy. Mastelotto, 717 F.2d at 1246; Brown, 912 F.2d at 1043.
 
 II. Severance
 
 5
 The district court properly exercised its discretion in denying the defendants' severance motion. "The general rule is that persons jointly indicted should be jointly tried." United States v. Smith, 893 F.2d 1573, 1581 (9th Cir.1990). Rios and Perales have failed to show any manifest injustice that violated a substantive right and denied them a fair trial. United States v. Felix-Gutierrez, 940 F.2d 1200, 1209 (9th Cir.1991); United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.), cert. denied, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980).
 
 
 6
 Defendants' argument that the spillover effects of the multiple drug transactions prejudiced them is without merit. The possibility that some of the evidence against the codefendants "rubbed off" on any single defendant is insufficient to prove compelling prejudice. Smith, 893 F.2d at 1581. The jury found that this evidence of various drug transactions supported the conclusion that there was one single conspiracy. See United States v. Abushi, 682 F.2d 1289, 1297 (9th Cir.1982). Even if the trials had been severed, much of the evidence would have been admissible in each trial. Perales made no showing that codefendants Rios or Draper would in fact testify if called in a separate trial, and it is more likely that they would have continued to assert their Fifth Amendment rights since any incriminating evidence could still be used against them. See Minnesota v. Murphy, 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409 (1984); United States v. Mariscal, 939 F.2d 884, 885 (9th Cir.1991). Perales' further argument that joinder prevented him from testifying in his own behalf because of loyalty to his friends is without merit. That self-serving declaration is not a legal ground for severance. Moreover, any alleged prejudicial effect from the joint trial was neutralized by the district court's appropriate and timely jury instructions. Escalante, 637 F.2d at 1201.
 
 III. Rios' Separate Contentions
 A. DUI Convictions
 
 7
 The district court correctly counted Rios' two misdemeanor convictions for DUI in determining his sentence. U.S.S.G. § 4A1.2, comment. (n. 5) (Nov. 1990). To the extent that Rios sought a departure, the district court's failure to grant it is not reviewable, since that court did not declare that it had no authority to depart. Far from it; the court specifically mentioned the DUIs, and still sentenced Rios to the middle of the applicable guideline range, while stating that there were no factors sufficient to warrant a departure. See United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990).
 
 B. Enhancement for Weapon
 
 8
 The district court correctly enhanced Rios' sentence for possession and use of a weapon during the commission of an offense since Rios brandished the weapon during the conspiracy and in furtherance of the cocaine distribution. U.S.S.G. § 2D1.1(b)(1); U.S.S.G. § 1B1.3(a)(1); see United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 IV. Perales' Separate Contentions
 A. Sufficiency of the Evidence
 
 9
 The district court correctly found that there was sufficient evidence to prove Perales' involvement in the 4 kilo delivery on March 17th: Perales and Rios met with Zamora on the morning before the delivery; Perales demanded payment from Zamora for the delivery; he met with Joel Rodriquez, Rios, and Draper to discuss what had happened to the 4 kilos; and he referred to the lost cocaine as "his dope" and "his product" in subsequent taped conversations. See Abushi, 682 F.2d at 1293.
 
 B. Presentence Report
 
 10
 There is no legal basis for Perales' claim that the second presentence investigation report (PSR) was untimely prepared in an effort to punish him. A PSR is not binding on the district court. United States v. Belgard, 894 F.2d 1092, 1097 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990). While sentencing judges often rely on the PSR for information, they will also "have read and considered probation reports, have taken evidence, have listened to arguments of counsel, have heard from the defendants and have then gone on to exercise their own independent judgments." Id. at 1099. Clearly that happened in this case. Furthermore, there is no authority requiring a district judge to follow the first PSR, even if the second PSR were invalidated. See id. at 1097.
 
 C. Improper Sentence
 
 11
 Perales' claim that the district court improperly sentenced him on the basis of the 4 kilogram delivery is but a repeat of the argument regarding sufficiency of the evidence. It is similarly specious.
 
 D. Right to Counsel at PSR Interviews
 
 12
 Perales waived his claim that counsel should have been present at the PSR interviews by failing to raise this issue in the district court. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). As is often the case when an issue is not raised before the district court, we have no basis on which to consider the claim.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3