980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald HOSEY, Defendant-Appellant.
 No. 91-50441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 24, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Hosey appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Hosey under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and the career offender provisions of the Sentencing Guidelines, U.S.S.G. § 4B1.1-.2, to 360 months in prison, five years of supervised release, and a $50 special assessment.
 
 
 3
 On November 24, 1989, Ronald Hosey, Lori Ann Cook, and another man entered a gun store in Pasadena, California. Hosey examined several guns and selected a Star .380 pistol. Cook indicated that she would be the one paying for the gun and completed the paperwork. After Hosey and Cook left the store, the salesman contacted the federal Bureau of Alcohol, Tobacco and Firearms (BATF). When Hosey and Cook came to pick up the gun, BATF agents conducted surveillance. The agents followed Hosey and Cook's car to Hosey's mother's house. Cook went into the house to get her children. While Cook was inside house, Hosey was arrested about ten to fifteen feet from the car, holding a plastic bag containing the Star .380 pistol.
 
 
 4
 Hosey argues on appeal that the district court improperly denied his motion for severance of the trial of Cook, that the district court improperly denied his motion for a mistrial based on statements by the prosecutor during closing arguments, that the crime of being a felon in possession of a firearm is not a "crime of violence" under the career offender provisions of the Sentencing Guidelines, and that he was improperly sentenced under both the Armed Career Criminal Act (ACCA)[1] and the Sentencing Guidelines career offender provisions. The government correctly concedes, on the authority of United States v. Sahakian, 965 F.2d 740 (9th Cir.1992), and United States v. Alvarez, 972 F.2d 1000 (9th Cir.1992), that Hosey was improperly sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines, so we need not discuss this issue. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Hosey's conviction, vacate his sentence, and remand for resentencing.
 
 
 5
 * Hosey first argues that the district court improperly denied his motion for severance where Cook's attorney informed Hosey's attorney on the morning of the last day of trial that Cook would not testify. Until that time, Hosey's attorney had been informed that Cook would testify and had planned for Cook to be the only witness for the defense. We review a district court's denial of a motion to sever for abuse of discretion. United States v. Mariscal, 939 F.2d 884, 885 (9th Cir.1991).
 
 
 6
 Where a defendant moves for severance because of the need for a co-defendant's testimony, the defendant "must show that he would call the codefendant at a severed trial, that the codefendant would in fact testify, and that the testimony would be favorable to the moving party." United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir.), cert. denied, Prock v. United States, 479 U.S. 855 (1986). To satisfy the third requirement, the defendant "must show that the codefendant's testimony is 'substantially exculpatory' in order to succeed." Mariscal, 939 F.2d at 886.
 
 
 7
 Hosey argues that Cook would have testified that she was buying the gun to protect herself from her ex-husband, that Hosey did not handle any guns in the gun store, that she placed the gun in the trunk of her car after leaving the store, and that the arresting officers tried to intimidate her into cooperating and made racial slurs about the relationship between Cook (who is white) and Hosey (who is black). However, Hosey does not offer a sworn statement from Cook; he offers only a letter from Cook to Hosey's attorney indicating that she "would be more than willing to testify during the new trial" and would "discredit[ ] false statements against your client made by law enforcement officers and the salesman inside the gun store."[2]
 
 
 8
 Hosey's claim fails for two reasons. First, he offered no sworn statement which demonstrates that Cook would testify at a separate trial. Second, he fails to demonstrate that Cook's testimony is substantially exculpatory. The trial judge determined that Cook's testimony was unlikely to be substantially exculpatory, because "three government agents all testified at trial that Mr. Hosey was in actual possession of the gun and that he was arrested with the gun." Furthermore, if Cook had testified, the government would have been able to introduce as impeachment her confession that she bought the gun for Hosey. Under these circumstances, the district court did not abuse its discretion in denying Hosey's motion for severance.
 
 II
 
 9
 Hosey also argues that certain statements by the prosecutor require a mistrial because they constitute an improper reference to Hosey's failure to present Cook's privileged testimony. We review the denial of a motion for a mistrial for abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992). However, where a defendant does not make a contemporaneous objection to a prosecutor's statement or request a limiting instruction, failure to grant a mistrial is reviewed for plain error. See United States v. Kennedy, 714 F.2d 968, 976 (9th Cir.1983), cert. denied, 465 U.S. 1034 (1984).
 
 
 10
 During his closing argument, the prosecutor made the following statements:
 
 
 11
 Now, at the beginning of the case, ladies and gentlemen, and Mr. Marks referred to what happened at the beginning of the case on numerous occasions, Mr. Marks made a whole bunch of outlandish statements. He told you what you were going to see in this trial. He made promises to you. And I submit to you, ladies and gentlemen, that the promises that the government made to you are the promises that have been kept.
 
 
 12
 Hosey failed to make a contemporaneous objection to these statements or request a limiting instruction.
 
 
 13
 A prosecutor may not comment on the failure of a defendant to present privileged testimony. See United States v. Nace, 561 F.2d 763, 770 (9th Cir.1977). Here, the prosecutor did not refer directly to Cook's failure to testify. The district court found that the prosecutor's statements were "a fair response to the defense's unsupported assertion[s] and merely called to the jury's attention the defense's failure to present evidence to support those claims." It is not improper for a prosecutor to refer to a defendant's failure to present exculpatory evidence. See United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 
 14
 Under the circumstances here, the district court did not abuse its discretion in denying Hosey's motion for a mistrial. Furthermore, even were there an abuse of discretion, as the statements made by the prosecutor do not constitute plain error, reversal would not be appropriate.
 
 III
 
 15
 Hosey argues that the district court improperly found that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) constitutes a "crime of violence" for the purposes of U.S.S.G. §§ 4B1.1-.2. Therefore, Hosey contends, he should not have been sentenced as a career offender. The government agrees. See Sahakian, 965 F.2d at 741-42 (9th Cir.1992); Alvarez, 972 F.2d at 1007. We follow Sahakian and Alvarez, and remand for resentencing.[3]
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On March 5, 1991, the government filed a valid Notice of Intention to Seek Enhanced Penalties under the ACCA, 18 U.S.C. § 924(e)
 
 
 [2]
 Hosey also offers two letters from jurors (one of which is unsigned), suggesting that additional evidence for Hosey may have affected their view of the case. The unsigned letter states that "[i]f Lori Cook had testified it would have had a great effect on our verdict in regards to Ronald Hossie [sic]." We do not consider these letters because juror testimony is inadmissible to impeach a verdict except where there are allegations of improper influence on the jury. See United States v. Tanner, 483 U.S. 107, 119-121 (1987)
 
 
 [3]
 Because we find that Hosey should not be sentenced as a career offender, we do not reach the issue of the combined application of the ACCA and U.S.S.G. § 4B1.1