996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Baudelio C. RANGEL, Defendant-Appellant.
 No. 93-50140.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 Appellant Baudelio Carrillo Rangel appeals from his conviction of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 846, and the use of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c). Appellant contends that the district court erred in denying his motion to sever his trial from that of his codefendants. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 2
 In March of 1991, appellant's brother, codefendant Oscar Manuel Carrillo Rangel ("Oscar"), arranged to sell five kilograms of cocaine to an undercover DEA agent. A DEA task force officer ("TFO") and another undercover officer met with Oscar Rangel and appellant, Baudelio Rangel ("Baudelio"), at a shopping center parking lot in order to consummate the sale. The TFO testified that Oscar wanted the officers to follow him back to his house to purchase the cocaine. The officers were reluctant however, so it was agreed that Baudelio would go pick up one kilogram of cocaine and bring it back to the parking lot. Additional DEA agents followed Baudelio to a nearby house where he entered briefly. Baudelio returned to the parking lot, got out of the car, and upon being asked by Oscar where the cocaine was, he replied "it's in the middle." Oscar and the undercover agent got into the car and Oscar pulled out approximately one kilogram of cocaine from the center console and showed it to the agent. At this point, Baudelio and Oscar were arrested and a .45 caliber handgun was found in Baudelio's waistband. Agents searched the house to which they had followed Baudelio earlier and found approximately four kilograms of cocaine in the back yard on top of a tool shed.
 
 
 3
 Eight days prior to trial, Baudelio filed a motion for severance. This motion was based upon an affidavit submitted by Baudelio's counsel stating that Baudelio's brother and codefendant, Oscar, had indicated "he would be willing to provide exculpatory testimony on behalf of Baudelio Rangel if Baudelio Rangel were granted a separate trial which followed the trial of Oscar Rangel." The district court denied the motion.
 
 
 4
 Baudelio renewed his motion for severance at the close of the government's case in chief, and the motion was again denied. Oscar took the stand, however, and testified that he had asked Baudelio to accompany him to the store, that he did not know Baudelio was armed and that he did not tell Baudelio that the purpose of going to the store was to conduct a narcotics sale.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 5
 The district court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to sever for abuse of discretion. United States v. Cuozzo, 962 P.2d 945, 949 (9th Cir.1992).
 
 III.
 DISCUSSION
 
 6
 In considering a motion to sever based on the allegation that a codefendant will provide exculpatory testimony, the trial court must weigh several factors, including (1) the good faith of defendant's intent to have a codefendant testify, (2) the probability that such testimony will materialize, (3) the economy of a joint trial, (4) the probable weight and credibility of the testimony, and (5) the degree to which the desired testimony is exculpatory. United States v. Mariscal, 939 F.2d 884, 885 (9th Cir.1991). Specifically, a defendant must show that the codefendant's testimony is "substantially exculpatory." Id. at 986 (quoting United States v. DeLuna, 763 F.2d 897, 920 (8th Cir.1985)).
 
 
 7
 Considering these factors, we conclude that the district court did not abuse its discretion in denying Baudelio Rangel's motion to sever. Even if we assume that Baudelio would have called Oscar to testify at a separate trial and that Oscar would have testified, Baudelio made virtually no showing as to the weight and credibility of such testimony, and no showing that the testimony would be "substantially exculpatory." Moreover, Oscar's offer to testify was conditioned on his being tried first. See Mariscal, 939 F.2d at 886 (district court does not abuse its discretion when it refuses to accede to a codefendant's offer to testify when that offer is conditioned upon being tried first). Accordingly, we hold that the district court did not err in denying Baudelio Rangel's motion to sever.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3