**UNITED STATES of America, Plaintiff,**

**v.**

**Rodney L. McNEAL, Marcus Fisher, and Melva French, Defendants.**

**No. 93 CR 979.**

United States District Court, N.D. Illinois, Eastern Division.

March 28, 1994.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Defendants Rodney McNeal and Marcus Fisher are charged with kidnapping LaCrisha Jones, McNeal's common law wife, and taking her across state lines from Indiana to Illinois. They are also charged with seeking to extort a ransom from Jones and her mother. Count One of the superseding indictment charges a conspiracy to kidnap in violation of 18 U.S.C. §§ 371 and 1201. Count Two charges a substantive violation of § 1201. Count Three charges extortion in violation of the Travel Act, 18 U.S.C. § 1952. Count Four charges use of a firearm in committing the kidnapping and Travel Act offenses, in violation of 18 U.S.C. § 924(c). Melva French has also been charged with aiding and abetting each offense, but she is expected to plead guilty.

Fisher has moved for severance so that McNeal will be available to testify on Fisher's behalf. Fisher has provided the following affidavit of McNeal.

I, Rodney McNeal, depose and state under oath as follows:

1.) On December 30, 1993 I met Marcus Fisher by happenstance in the afternoon on the street.

2.) On that day I only asked him to take me to my house in Hammond, Indiana so that I could remove some of my clothes and possessions. In fact, I advised him that I did not even believe that my common law wife, LaCrisha Jones, would be at home.

3.) At no time did I discuss or plan with Marcus Fisher any activity to attempt recovery of my money held by her. As far as I told Marcus Fisher, the ride to my home to Indiana was to remove my clothes and possessions.

4.) When we reached my house, Marcus Fisher in no way participated in, encouraged or knowingly assisted in any action concerning my wife or the recovery of money that she had taken.

5.) Any course of action that I may have undertaken concerning her and the money was solely my action.

6.) Marcus Fisher neither asked for nor sought any benefit from the fact that he was merely present at the time I and my wife engaged in an active disagreement about our finances. The personal confrontation that ensued arose on the spot without any advance notice to any of the persons present.

7.) It is my present intent to exercise my Fifth Amendment right not to testify

at my trial; however, after acquittal in my trial, or, if I am convicted, after sentencing in my case, it is my present intent to testify at the trial of Marcus Fisher.

The government contends that this affidavit does not show that McNeal's testimony would be sufficiently exculpatory because it only addresses conduct during the initial abduction and does not address Fisher's conduct in transporting Jones to Chicago and Jones being held in custody in Chicago overnight. The government also contends that McNeal's availability to testify has not been adequately shown because McNeal conditions his testimony upon it occurring after his trial and/or sentencing.

 "When a criminal defendant seeks a severance in order to obtain exculpatory testimony a co-defendant would offer, the district court must consider three factors: (1) whether the co-defendant's testimony would in fact be exculpatory; (2) whether the co-defendant would in fact testify; and (3) whether the testimony would bear on defendant's case." *United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir.1993). Neither the parties nor this court have found any Seventh Circuit case that considers whether the codefendant's statement that he will testify as long as it is after the completion of the codefendant's trial and/or sentencing satisfies the second element. The majority of other circuits have held either that such a conditional promise to testify is insufficient because defendants have no right to control the order in which a case will be tried, *United States v. Ford*, 870 F.2d 729, 731–32 (D.C.Cir.1989); *United States v. Parodi*, 703 F.2d 768, 779–80 (4th Cir.1983); *United States v. Blanco*, 844 F.2d 344, 352–53 (6th Cir.), *cert. denied*, 486 U.S. 1046, 108 S.Ct. 2042, 100 L.Ed.2d 626 (1988), or that a trial court does not abuse its discretion when it denies severance on the ground that the willingness to testify is conditional, *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir.1991); *United States v. Espinosa*, 771 F.2d 1382, 1409 (10th Cir.), *cert. denied*, 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561

(1985). The Eleventh Circuit, however, held that a trial court abused its discretion when it granted a severance based on a codefendant's willingness to testify and then declined to try the codefendant's case first. *United States v. DiBernardo*, 880 F.2d 1216, 1228–29 (11th Cir.1989).

In the present case, McNeal is willing to testify once he has been acquitted or sentenced. The government's contention that Fisher's trial could be delayed months or longer while McNeal appeals is therefore unfounded. Most likely, if McNeal is convicted, there would only be a seven-week delay while McNeal awaits sentencing.[1] McNeal does not state that he will insist on waiting for an appeal. Additionally, there is nothing to indicate that there is any motive in McNeal requesting to be tried first other than to avoid incriminating himself, which is consistent with the reason for severing the trials. If the codefendant were willing to waive his Fifth Amendment right and risk incriminating himself, there would be no need to even severe the trial. It would be fully consistent with granting a severance to try the testifying codefendant's case first. Additionally, the trial of this case is only expected to take a few days. Therefore, severance in this case would result in only a minimal duplication of effort on the part of the court and the prosecution. Fisher has made a sufficient showing of McNeal's willingness to testify.

 The government contends that severance is only appropriate when the codefendant's testimony would fully exculpate the defendant. "Severance of a co-defendant is required only where one co-defendant's testimony would exculpate the others. If the codefendant's testimony merely contradicts part of the Government's proof, joinder does not deprive defendants of a fair trial." *United States v. West*, 670 F.2d 675, 681 (7th Cir.), *cert. denied*, 457 U.S. 1124, 1139, 102 S.Ct. 2944, 2972, 73 L.Ed.2d 1340, 1359 (1982). In *West*, severance was not required where the codefendant Jeffers could testify that he had never seen defendants King and

---

1. Fisher is presently in custody so delay in bringing him to trial is a concern. Fisher, however, would prefer remaining in custody longer over

risking going to trial without McNeal being available to testify.

West accept bribes, but Jeffers could not refute other witnesses' testimony that they saw King and West accept bribes.

Here, the focus of McNeal's affidavit is on the initial confrontation with Jones that occurred at her house. McNeal states that Fisher was not involved in that initial confrontation.[2] McNeal does not directly address any events that may have occurred during the alleged abduction to Illinois and subsequent requests for payments from Jones's mother. The government's position is that Fisher's participation in an abduction and holding Jones in Indiana would be grounds for convicting Fisher even if Fisher had not been involved in McNeal's initial conduct. McNeal's affidavit, however, states: "At *no time* did I discuss or plan with Marcus Fisher any activity to attempt recovery of my money held by her." McNeal also states, "*Any* course of action that I may have undertaken concerning her and the money was solely my action." This statement is broad enough to cover both events at the house in Indiana and events that occurred in Illinois. This court will not require that McNeal expressly refer to transporting Jones to Indiana and expressly deny Fisher's participation in any such conduct before the affidavit will be sufficient. A codefendant who denies his own guilt should not be required to admit participation in criminal conduct in order to be able to show that he has exculpatory testimony that would aid the defendant. Also, even if McNeal's testimony would not exonerate Fisher on the kidnapping charge, it may still exonerate him on the Travel Act extortion charge. There has been a sufficient showing made that McNeal would provide exculpatory testimony bearing on Fisher's guilt or innocence.

■ The charges against Fisher will be severed for purposes of trial. The date for Fisher's separate trial will be set following the conclusion of McNeal's trial. For purposes of the Speedy Trial Act, time will be excluded while McNeal is unavailable to testify, 18 U.S.C. § 3161(h)(3), or alternatively in the interest of justice pursuant to 18 U.S.C. § 3161(h)(8) so that McNeal will be available to testify.

■ McNeal has moved to suppress items found in his possession at the time of his arrest and also seeks to suppress statements he made while in custody following his arrest. McNeal contends he was unlawfully arrested at the apartment of Melva French because the arresting officers lacked a warrant. The motion to suppress the items that were seized lacks merit. There is no contention by McNeal that he was an overnight guest at French's apartment. McNeal has no standing to raise the claim that the police lacked a warrant to enter the apartment. *United States v. McNeal,* 955 F.2d 1067, 1071 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3039, 120 L.Ed.2d 908 (1992). Since, there is no contention that the arrest lacked probable cause, there is no basis for suppressing any items found in McNeal's possession at the time of his arrest.

■ McNeal contends that the statements he gave while in police custody are not admissible because he did not have an attorney present and was not provided with *Miranda* warnings prior to giving the statements. He contends *Miranda* warnings were only given subsequent to his making the statements. McNeal refused to sign the written statement of rights provided to him at the same time he was orally advised of his rights. He contends that the officers backdated the time on the form to make it appear that the *Miranda* warnings were given prior to his statements. The government concedes that the alleged facts would require that the statements be suppressed. The officers, however, indicate in their reports that the necessary warnings were given prior to McNeal giving the statements. The government contends that a hearing is not required because McNeal has not supported his allegations with an affidavit. The government does not point to any Seventh Circuit case that requires the defendant to provide an affidavit. The Seventh Circuit cases relied upon only require that the facts be "definite,

---

**2.** Understandably, the affidavit is written so as to avoid having McNeal admit to his guilt. There-

fore, it only refers to a disagreement over money.

specific, detailed, and nonconjectural." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir.1992) (quoting *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir.1986)). *See also United States v. Woods*, 995 F.2d 713, 715 (7th Cir.1993).[3] The facts alleged in the motion are definite and specific. A hearing is necessary in order to determine whether *Miranda* warnings were given prior to McNeal making his statements. The hearing will be held either immediately prior to the beginning of jury selection or on another date to be set by the court.

■ McNeal has also filed a motion in limine. The government states that it has no present intent to use any prior criminal history, evidence of gang affiliation, or evidence of personal drug use. The motion will be granted as to that evidence.[4]

■ McNeal seeks to suppress evidence as to his using the nickname "What Cha Ma Call It." The government contends that McNeal used this name while committing the acts alleged in the indictment and that some witnesses will identify him as using that name. McNeal may be indicating that this is a gang nickname. The government, however, does not intend to link the nickname with his gang affiliation and, consistent with the ruling on gang affiliation, is precluded from doing so. The motion in limine as to the nickname is denied.

■ McNeal also seeks to exclude any evidence that he may have been involved in drug trafficking. The government's allegations as to the background of the kidnapping is as follows. $13,000 or more of cash from drug profits was kept at the house McNeal and Jones shared. On December 28, 1993, Jones became angry with McNeal after seeing him leave a hotel with another woman. Jones took $13,000 of cash from the house which she occupied with McNeal and con-cealed it at a house occupied by her mother. Over the next two days, McNeal made a number of threats demanding return of the money. The altercation between McNeal and Jones that occurred at their house on December 30 was still about the $13,000. McNeal eventually pistol whipped Jones and dragged her into French's car. McNeal, French, and Fisher drove Jones to a hotel in Chicago where Jones and McNeal communicated with Jones's mother demanding that she return the $13,000 hidden at the mother's house.

The government contends that the illegal source of the cash is relevant to showing McNeal's motive for using illegal means to get it back. The government contends that McNeal may have used legal means to obtain the money if not for the fact that he did not want to make public his possession of large sums of cash obtained from an illegal source.

It is true, as the government contends, that showing the illegal source of the money would be additional evidence of a motive for using kidnapping as a collection technique. However, contrary to the government's contentions, a jury could also readily understand that a violent dispute could result from one spouse taking large sums of money the other spouse believed was his cash, especially when the taking of money followed one spouse's apparent infidelity. The source of the money is not essential to the government's case, and does not even appear to be particularly important. On the other hand, bringing in evidence that McNeal was involved in substantial drug dealing would be highly prejudicial to McNeal. It could also result in the jury considering a collateral issue of whether McNeal also committed narcotics offenses. This could result in jury confusion and might also significantly increase the length of the trial. The motion in limine to exclude evi-

---

**3.** The government points to a district court case that, in a one-sentence alternative holding, requires an affidavit. *See United States v. Mallard*, 1994 WL 22958 *2 (N.D.Ill. Jan. 25, 1994) (citing *United States v. Robinzine*, 1993 WL 443394 *2–3 (N.D.Ill. Oct. 29, 1993)). Like the Seventh Circuit cases cited by the government, *Robinzine* does not hold that an affidavit is a requirement. This court respectfully disagrees with the alternative holding of *Mallard*.

**4.** The government suggests that these aspects of the motion be denied as moot and then be reconsidered if the government determines such evidence should be used. Instead, the motion will be granted and the onus will be placed on the government to seek reconsideration if the prosecutors change their minds as to use of such evidence.

dence of drug trafficking by McNeal will be granted.

IT IS THEREFORE ORDERED that:

(1) Defendant Fisher's amended Rule 14 motion for severance [44] is granted. McNeal and Fisher will be tried separately. Pursuant to 18 U.S.C. § 3161(h)(3), or alternatively in the interest of justice pursuant to 18 U.S.C. § 3161(h)(8), speedy trial time will not run on the charges against Fisher until McNeal has been acquitted or sentenced.

(2) Defendant McNeal's supplemental motion to suppress [43] is denied in part. Evidence taken from his person will not be suppressed based on an unlawful search. A hearing will be held on the question of whether statements he gave to law enforcement officers should be suppressed.

(3) Defendant McNeal's motion in limine to preclude certain evidence is granted in part and denied in part. Evidence as to defendant McNeal's prior criminal history, gang affiliation, personal drug use, and drug trafficking shall be excluded. Evidence as to McNeal's use of a nickname is not excluded.