40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. ERICKSON Petitioner-Appellant,
v.
Lloyd RUPP, Commissioner of Corrections Respondent-Appellee.
 No. 94-35051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1994.*
Decided Nov. 23, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Erickson appeals the district court's dismissal of his petition for a writ of habeas corpus, which he brought to set aside his state court conviction of second-degree assault stemming from his participation in a car bombing. We affirm.
 
 A. Voluntariness of Erickson's Statements
 
 3
 The voluntariness of confessions or other statements should be independently determined by a district court that is considering a habeas petition. See Miller v. Fenton, 474 U.S. 104, 112, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985). A state court's subsidiary factual findings underlying the voluntariness of a statement, however, are entitled to a presumption of correctness pursuant to 28 U.S.C. Sec. 2254(d). Id., 106 S.Ct. at 450.
 
 
 4
 The state trial court determined that no binding promise of immunity had been made to Erickson. As the State concedes, the trial court did not expressly rule on whether Erickson's statements should nonetheless be suppressed because they were the result of unlawful coercion. Factual determinations may be implicit in the actions taken by a court, see Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990), cert. denied, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991), and the state appeals court here did find that the trial court implicitly found voluntariness. Erickson v. State, 824 P.2d 725, 733 (Alaska Ct.App.1991). The district court held that "[t]he testimony adduced at the evidentiary hearing amply supports the trial judge's decision.... that the State has proven by a preponderance of the evidence[ ] the voluntariness of Erickson's statements."
 
 
 5
 The facts, findings, and record demonstrate that Erickson's statements were voluntarily made. See Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1294, 127 L.Ed.2d 647 (1994); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 870, 116 L.Ed.2d 776 (1992); United States v. Brady, 819 F.2d 884, 887 (9th Cir.1987), cert. denied, 484 U.S. 1068, 108 S.Ct. 1032, 98 L.Ed.2d 996 (1988).
 
 
 6
 The record overwhelmingly supports the conclusion that nothing the police said induced Erickson to speak--he was articulate, knowledgeable and wary.[1] Perhaps the statements were partly driven by his belief that he would entirely exculpate himself, but that belief was entirely self-induced. In short, law enforcement did not need to cajole Erickson into talking or implicating himself; he was willing, even anxious, to do so on his own. Here, "the techniques for extracting the statements, as applied to this suspect, are compatible with a system that presumes innocence and assures that a conviction will not be secured by inquisitorial means." Collazo, 940 F.2d at 415 (citation omitted).
 
 B. Severance
 
 7
 A habeas petitioner challenging a trial court's denial of a motion to sever must show that the trial judge abused his discretion in denying the severance because the failure to sever was so manifestly prejudicial that the petitioner was denied a fair trial. See United States v. Taren-Palma, 997 F.2d 525, 533 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1648, 128 L.Ed.2d 368 (1994). The trial judge did not abuse his discretion in denying the severance motion because Erickson did not make a sufficient showing that he would be prejudiced by the denial of the motion.
 
 
 8
 Erickson claims that he was prevented from presenting exculpatory evidence by the denial of his motion to sever. To gain a severance, a defendant must show that his codefendant's testimony would be "substantially exculpatory." United States v. Mariscal, 939 F.2d 884, 886 (9th Cir.1991). The proposed testimony of Robert Machado was not that. At most it would have shown that Machado had no direct contact with Erickson, but the government never suggested that he did.
 
 
 9
 Further, Erickson submitted no proof to the trial court that Machado would agree to waive his Fifth Amendment rights and testify were he called. Such a showing is necessary for a severance based on a codefendant's exculpatory testimony. See Mariscal, 939 F.2d at 886; United States v. Reese, 2 F.3d 870, 892 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 928, 127 L.Ed.2d 220 (1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We agree with Erickson that the burden of persuasion was on the prosecution. See Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 627, 30 L.Ed.2d 618 (1972). The state court did not shift it to him. At any rate, the issue of voluntariness was not even close