61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marc A. JAMISON, Defendant-Appellant.
 No. 95-10009.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
July 13, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marc A. Jamison appeals his criminal conviction on one count of filing a materially false income tax return in violation of 26 U.S.C. Sec. 7206(1). Jamison contends that the district court erred in reversing the magistrate judge's decision to grant his motion to sever defendants for trial. We affirm.
 
 I.
 
 3
 Our scope of review of a district court's denial of a motion to sever is "extremely narrow." United States v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1993), cert. denied, 115 S. Ct. 330 (1994) (quoting United States v. Mariscal, 939 F.2d 884, 886 (9th Cir. 1991)). See also id. (quoting United States v. Stirling, 571 F.2d 708, 733 (2d Cir.), cert. denied, 439 U.S. 824 (1978) (severance questions are "'virtually unreviewable."'). A district court should grant a severance only if there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 113 S. Ct. 933, 938 (1993). The district court's denial of a motion to sever will be upheld unless the joinder of defendants was "so manifestly prejudicial that the district court was required to conduct separate trials." United States v. Taran-Palma, 997 F.2d 525, 533 (9th Cir. 1993), cert. denied, 114 S. Ct. 1648 (1994) (emphasis added). Jamison bears the heavy burden of proving that the joint trial caused "clear, manifest or undue prejudice." Id. We conclude that he failed to carry this burden.
 
 
 4
 Appellant claims that the district court's denial of his motion to sever was prejudicial in that it prevented him from calling his codefendant wife as a witness. According to appellant, Karola Jamison ("Karola") would have provided important exculpatory testimony. When the reason for severance is the need for a codefendant's testimony, a defendant must show "(1) that he would call the codefendant at a severed trial, (2) that the codefendant would in fact testify, and (3) that the testimony would be favorable to the moving party." United States v. Hernandez, 952 F.2d 1110, 1115 (9th Cir. 1991), cert. denied, 113 S. Ct. 334 (1992) (quoting United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir. 1986), cert. denied sub nom. Prock v. United States, 479 U.S. 855 (1986), cert. denied sub nom. White v. United States, 479 U.S. 889 (1986). Applying these considerations to the case before us, we are convinced that the district court did not abuse its discretion in denying Jamison's motion for severance. Jamison failed to show that his wife would testifying if he were granted a separate trial. In fact, at the hearing on appellant's motion to sever, Karola's attorney made clear that "the decision on whether [Karola] would testify or not would be entirely dependent upon the outcome of her own trial, which can't be predicted at this point." ER 68. Additionally, aside from vague assertions that his wife's testimony was somehow relevant to his knowledge of the charged offenses, appellant failed to identify the expected substance of the testimony. ER 20. The record therefore contains no indication that Karola's testimony would in fact be favorable to Jamison.
 
 
 5
 Jamison also contends that he was prejudiced by the fact that thirty of the counts charged in the indictment applied only to Karola. As a result, he argues, the jury could not be expected to adequately appraise the independent evidence against each defendant. "We previously have focused our inquiry into the prejudicial effect of a joint trial on whether the jury may reasonably be expected to collate and appraise the independent evidence against each defendant." Baker, 10 F.3d at 1387 (citing United States v. Sherlock, 962 F.2d 1349, 1360 (9th Cir. 1989), cert. denied, 113 S. Ct. 419 (1992). "The best evidence of the jury's ability to compartmentalize the evidence is its failure to convict all defendants on all counts." Id. (quoting United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir. 1987), cert. denied, 488 U.S. 974 (1988). Here, by acquitting Jamison on one count and convicting him on the other, the jury demonstrated its ability to evaluate the independent evidence against each defendant. For the foregoing reasons, we conclude that the district court did not abuse its discretion in reversing the magistrate judge's decision to sever the defendants for trial.
 
 II.
 
 6
 Appellant next contends that he should be permitted to join any arguments made by his wife on appeal, even though at the time Jamison filed his appeal, Karola's briefs were nonexistent. We decline this request. This case lies in sharp distinction to United States v. Sitton, 968 F.2d 947 (9th Cir. 1992), cert. denied sub nom. Romero v. United States, 113 S. Ct. 478 (1992), cert. denied, 113 S. Ct. 1306 (1993) in which a defendant sought to join a specific argument made in his codefendant's brief, having failed to raise the argument in his own opening brief. The court noted that the government "suffered no surprise or prejudice" by reason of the defendant's tardiness because, "[a]lthough the cases were not formally consolidated, they were presented simultaneously to the same merits panel." Id. at 958 n.3. Here, there is nothing suggest that Jamison has any knowledge of the issues Karola Jamison may raise on appeal. Further, the appeals have not been consolidated; nor will they be heard simultaneously by the same merits panel. We conclude that Jamison is not entitled to join arguments raised in Karola's appeal briefs.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3