107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Soto MENDOZA, Defendant-Appellant.
 No. 96-16201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided March 4, 1997.
 
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Soto Mendoza appeals the district court's summary denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 3
 The Sixth Amendment guarantees each criminal defendant the right to the effective assistance of counsel. We analyze claims of ineffective assistance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See United States v. Quintero-Barraza, 78 F.3d 1344, 1347-48 (9th Cir.1995), cert. denied, --- U.S. ----, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996). The defendant bears the burden of establishing both that "counsel's performance was deficient" and that prejudice ensued. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.
 
 A. Severance
 
 4
 Soto argues that, based on the Barragans' affidavits, counsel should have made a motion to sever so that the brothers could testify in Soto's defense. To prevail on his ineffective assistance claim, Soto must prove that the motion would have been granted. See generally United States v. Palomba, 31 F.3d 1456, 1461 (9th Cir.1994). The district court found that the motion would not have been granted because the Barragans were only willing to testify if they were tried first. It also saw their proposed testimony as merely contradictory to other direct testimony that Soto was involved, and held that a joint trial would have been more economical. We agree.
 
 
 5
 A severance motion based on codefendant testimony may be denied if it is conditioned on the co-defendant's trial being completed first. See United States v. Cuozzo, 962 F.2d 945, 950 (9th Cir.1992); United States v. Mariscal, 939 F.2d 884, 886 (9th Cir.1991). The district court could properly infer that the Barragans would have required just that condition. Even their declarations prepared long after the fact by counsel for Soto do not contradict that. Moreover, the Barragans' testimony did not go to the heart of the case against Soto or contradict testimony from conspirators who had worked directly with Soto. See Cuozzo, 962 F.2d at 950; Mariscal, 939 F.2d at 885-86. Soto has not shown prejudice.
 
 B. Investigating the Barragans' Testimony
 
 6
 Soto also claims that he received ineffective assistance of counsel when his attorney did not investigate the Barragans' offer to testify on his behalf. Failure to investigate possible exculpatory witnesses can be ineffective assistance. Sanders v. Ratelle, 21 F.3d 1446, 1456-58, 1461 (9th Cir.1994); see also Hendricks v. Calderon, 70 F.3d 1032, 1042 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1335, 134 L.Ed.2d 485 (1996). Soto's trial counsel did not investigate the offer to testify made by the Barragan brothers. Nonetheless, any investigation would have been futile because the Barragans would not have testified unless they were granted separate trials and again, their testimony would not have contradicted the evidence from the conspirators who had worked directly with Soto. Thus, Soto cannot prove prejudice.
 
 C. Marta Valencia
 
 7
 Soto claims that the failure to investigate Marta Valencia's whereabouts also constituted ineffective assistance of counsel. However, he has failed to present facts which suggest ineffective assistance. At trial, Soto's mother-in-law testified that Marta Valencia returned to Mexico in December, 1990, well before the February, 1991 trial in this matter. Soto's own declaration does not take issue with his attorney's statement that he investigated this matter, but learned that Marta Valencia had returned to Mexico. Accordingly, Soto did nothing to show that his counsel did not investigate this matter. Of course, he had the burden of proving counsel's deficiency, and the district court properly found that he failed to carry that burden. See Quintero-Barraza, 78 F.3d at 1348; Palomba, 31 F.3d at 1460.[1]
 
 D. Jose Valencia
 
 8
 Soto spends a great deal of time arguing that he and Jose Valencia are two different people, and that his attorney's failure to discover that fact prejudiced him. But, vetting the record reveals that the government never argued that Soto and Jose Valencia were the same person; in fact, the prosecutor at trial stated that the men were "two different people."
 
 
 9
 Moreover, the failure to investigate Jose Valencia was not ineffective assistance of counsel. First, because it appears that counsel had been told that his client did not know of any Jose Valencia, it is not clear just what counsel should have investigated. Second, there is no showing that a Jose Valencia had any information that could have helped Soto. Again, simply proving that he was a different person would prove an uncontested issue.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Absent a specific factual showing, the district court was not required to hold an evidentiary hearing. See United States v. McMullen, 98 F.3d 1155, 1158-59 (9th Cir.1996)
 
 
 [2]
 Id