**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kennith A. SMITH, Defendant—Appellant.**

No. 04–30161.

D.C. No. CR–03–0087–3–JKS/JDR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided July 28, 2005.

USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Robert E. Lindsay, DOJ–U.S. Department of Justice Tax Division, Washington, DC, Meredith A. Ahearn, Hagans, Ahearn, Mclaughlin, Webb, Anchorage, AK, for Defendant–Appellant.

Before GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM [*]

Kennith Smith appeals his conviction and sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.

### 1. Denial of Motion to Sever

The district court did not abuse its discretion in denying Smith's motion to sever. *See United States v. Mayfield,* 189 F.3d 895, 899 (9th Cir.1999). Smith has not established that his joint trial with co-defendants Helen Smith and Leroy Sbrusch compromised a specific trial right or prevented the jury from making a reliable judgment about his guilt or innocence. *See Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

First, Smith has failed to establish that there was a prejudicial spill-over effect from being tried alongside Helen Smith and Sbrusch. Even if there was a potential for prejudice, this potential was cured by

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court's diligence in providing numerous cautionary and limiting instructions before trial, during trial, at the close of trial, and in the jury instructions. *See United States v. Cuozzo,* 962 F.2d 945, 950 (9th Cir.1992).

Second, Smith has not established that he suffered prejudice by not being able to call co-defendant Helen Smith to testify. Smith has not shown that he would have called Helen Smith at a separate trial, that Helen Smith would in fact have testified, or that Helen Smith's testimony would have been substantially exculpatory. *See United States v. Mariscal,* 939 F.2d 884, 886 (9th Cir.1991); *United States v. Jenkins,* 785 F.2d 1387, 1393 (9th Cir.1986).

## 2. Sufficiency of the Evidence

"[T]here is sufficient evidence to support a conviction if, 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1009–10 (9th Cir.1995) (citation omitted). Both Smith's knowing participation in the conspiracy and his intent to defraud may be proven by circumstantial evidence. *See United States v. Molinaro,* 11 F.3d 853, 857 (9th Cir.1993); *United States v. Candoli,* 870 F.2d 496, 511 (9th Cir.1989).

■ A rational trier of fact could have found beyond a reasonable doubt that Smith was a knowing participant in the conspiracy and acted with the intent to defraud the United States by assisting Helen Smith and Leroy Sbrusch in concealing part of the $425,596.46 Helen Smith received as income from the 1998 sale of the Wash Day laundromat. The jury could have inferred that the structure of the transactions alone provided sufficient evidence that Smith knowingly participated in the conspiracy and acted with the requisite intent.

## 3. Sentence

■ Because *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not affect restitution orders, *see United States v. Bussell,* 414 F.3d 1048, ——, ——, Slip Op. 8077, 8098 (9th Cir.2005), we affirm the district court's order of restitution.

■ Because Kennith Smith did not preserve his Sixth Amendment objection to sentence enhancements based on judge-found facts under the mandatory Sentencing Guidelines, and because it is unclear from the record whether the sentence would have been materially different had the district court known the Sentencing Guidelines were advisory, we remand the sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

**Conviction Affirmed, Sentence Remanded**

**The Mandate Shall Issue Forthwith**