**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alfred Kanoa BUMATAY, Defendant-Appellant.**

**No. 72–2293.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1973.

Joseph L. Bortin, San Francisco, Cal., for defendant-appellant.

Robert K. Fukuda, U. S. Atty., William J. Eggers, III, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Appellant Bumatay was convicted of possession of heroin with intent to distribute, and of distributing and dispensing heroin, in violation of 21 U.S.C. § 841(a)(1). On this appeal he raises several issues, only one of which we deem of sufficient import to warrant discussion.

Honolulu police officers were engaged in a massive surveillance of one Yaw (appellant's codefendant below), a known drug addict and pusher. While so engaged, two officers saw Yaw stop his car next to a car occupied by appellant. They testified that appellant passed a white bag to Yaw and that Yaw passed money to appellant. Appellant and Yaw then separated, and the surveillance on Yaw was continued until his arrest about an hour later. A white sack containing 10 ounces of heroin was found on the rear seat of his car, and at that point officers arrested appellant at his home.

Appellant testified in his defense that he had indeed met Yaw that day, but had passed nothing to Yaw, and that Yaw had arranged the meeting to repay a debt of $75. Despite able representation below, the jury disbelieved appellant's story, finding him guilty as charged. However, appellant now claims that the jury was unable to consider all the evidence bearing on his case.

The day before the trial was to begin, appellant moved for a severance pursuant to F.R.Crim.P. 14(b), on the ground that Yaw, if called to testify, would testify to factual matters that would exculpate Bumatay. In support of his motion appellant submitted an affidavit from Yaw to the effect that at no time during their contact on the day in question did Bumatay pass anything to him.

The sole basis for the motion was that it would be impossible for Bumatay to obtain a fair trial unless he was *able* to call Yaw as a witness. Appellant made no effort to show that he intended to call Yaw as a witness should severance be granted, or that Yaw would testify if so called. The trial court denied the motion.

We start with the proposition that "[j]oint trials of persons charged together with committing the same offense . . . are the rule, rather than the exception. There is a substantial public interest in this procedure." Parker v. United States, 404 F.2d 1193, 1196 (9th Cir. 1968).

> "The court must weigh, case by case, the advantage and economy of a joint trial to the administration of justice against possible prejudice to a defendant. It need not exercise its discretion by ordering separate trials unless a joint trial is manifestly prejudicial." United States v. Donaway, 447 F.2d 940, 943 (9th Cir. 1971).

Several circuits have considered the prejudicial effect of being forced to proceed to trial with a codefendant who had exculpatory testimony to give. All have required some showing that the testimony of the codefendant will be forthcoming at the trial before the denial of the motion for severance will be found to be an abuse of discretion.

"The unsupported possibility that such testimony might be forthcoming does not make the denial of a motion for severance erroneous." United States v. Kahn, 381 F.2d 824, 841 (7th Cir. 1967); United States v. Johnson, 426 F.2d 1112 (7th Cir. 1970); *but see* United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). "The bare assertion that [defendant] could not call either co-defendant as a witness does not warrant reversal on the theory that if he could he would have done so." Brown v. United States, 126 U.S.App.D.C. 134, 375 F.2d 310, 317 (1966); *see also* Smith v. United States, 385 F.2d 34 (5th Cir. 1967); United States v. Withers, 303 F.Supp. 641 (N.D. Ill.1969).

We have considered this issue before, and have held that "[w]hen there has been insufficient showing that the codefendant would actually testify at a severed trial, the district court has not abus-

ed its discretion by refusing to grant the motion." United States v. Lucas, 453 F.2d 141, 144 (9th Cir. 1971). *See also* Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970) (setting forth the relevant areas of inquiry on a motion to sever).

In the instant case, appellant made no showing whatsoever that he would call his codefendant were he to be tried separately, much less that the codefendant would testify if so called. Appellant having failed to meet his burden on this issue, we find no abuse of discretion in the trial court's denial of the motion for severance.

The judgment is affirmed.