**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry HERNANDEZ–BERCEDA, Charged as Henry Hernandez, Defendant-Appellant.**

No. 77–2747.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1978.

Rehearing and Rehearing En Banc Denied April 7, 1978.

Michael Pancer (argued), San Diego, Cal., for defendant-appellant.

Douglas G. Hendricks, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

Hernandez was convicted of conspiracy to import heroin (in violation of 21 U.S.C. §§ 952, 960 and 963) and conspiracy to possess heroin with intent to distribute (in violation of 21 U.S.C. §§ 841(a)(1) and 846). He challenges the trial court's decisions denying his request for a continuance and refusing to disclose the identity of an informant. We conclude that those decisions represented a proper exercise of the trial judge's discretion. Therefore, we affirm.

I.

*Facts.*

The facts centered on the sale of thirty ounces of heroin to DEA Special Agent Villarreal. The sale was negotiated at several meetings attended by Hernandez, Barron, Villarreal and an informant. Barron contacted the source which eventually supplied the heroin and delivered the heroin to Villarreal who testified that Hernandez played an active role in arranging the transaction. According to Villarreal, Her-

nandez stated, among other things, that the supplier was dependable, that the delivery would be accomplished on a certain day and that Villarreal would be satisfied as to quantity.

After the indictment of Barron and Hernandez, a hearing was held on the latter's request for severance of the joint trial and disclosure of the informant's identity. Barron's counsel testified that Barron desired to provide exculpatory testimony for Hernandez but only after his trial had been completed. The severance motion was taken under submission. The trial judge ordered an *in camera* hearing on the disclosure motion. After that hearing, the judge ruled that the informant's testimony would not be helpful to Hernandez and denied the motion.

Shortly before the trial began, Barron pleaded guilty. Hernandez then sought a continuance until Barron's sentencing was completed, on the theory that Barron would testify on his behalf only after sentencing. The motion to continue was denied, Hernandez waived a jury and proceeded with a court trial as a result of which he was found guilty on both counts.

## II.

### *The Motion for Continuance.*

■ In his brief, appellant challenges a denial of a severance; however, since Barron had pleaded guilty, his challenge must be to the denial of his motion for a continuance. Although the decision to grant either a continuance or severance is a matter in which a trial judge has wide discretion, *United States v. Vigil,* 561 F.2d 1316 (9th Cir. 1977); *United States v. Brashier,* 548 F.2d 1315, 1323 (9th Cir. 1976), that discretion is not without limits. We recently reiterated that, where the reason asserted for it is the need for a codefendant's testimony, a severance should be granted upon a showing that (1) the codefendant would be called; (2) he would in fact testify; and (3) the testimony would be favorable to the requesting defendant. *United States v. Vigil, supra.* Where, as here, a continuance is sought on the same grounds, the same showing should be required.

■ Such a showing was not made in this case. (T.R. 79–81). In opposition to the motion, the government argues that, because of an agreement that other outstanding charges against him were to be dropped, Barron had no real incentive for postponing testifying. On the basis of the evidence before the court a reasonable doubt existed whether Barron would testify. Thus the trial court did not abuse its discretion in denying the motion for continuance. This conclusion is in no way weakened by Barron's eventual failure to testify, after his sentencing, in the context of a hearing on Hernandez' motion for a new trial based on Barron's anticipated testimony at a new trial.

## III.

### *The Motion To Reveal the Identity of the Informant.*

■ Appellant also challenges the trial judge's decision not to reveal the identity of the government informant. The Supreme Court has held that if the trial judge determines that the informant's testimony may be relevant and helpful, the identity of the informant must be revealed. *Roviaro v. United States,* 353 U.S. 53, 61–62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). After an *in camera* examination of the informant, the trial judge concluded that, rather than being helpful, his testimony would be damaging to Hernandez' case. We have reviewed the transcript of the *in camera* hearing and conclude that the trial judge's decision was a reasonable exercise of his discretion. *United States v. Toral,* 536 F.2d 893, 897 (9th Cir. 1976).

■ Appellant challenges the "relevant and helpful" standard, as it is ordinarily applied, for determining whether to reveal the identity of an informant. He suggests that even apparently inculpatory testimony may be helpful as, for example, when it suggests the presence of "coaching" or reveals minor discrepancies in the government's case. For this reason appellant ar-

gues that an informant, particularly one as involved in the transaction as was the one here, should have his identity revealed. We cannot agree. These possibilities may be considered by the trial judge; but his failure to give them controlling weight does not amount to reversible error. The decision whether to reveal the identity of an informant requires a careful balancing of the defendant's interest in preparing his defense and the government's interest in protecting the safety of an informant. *Roviaro v. United States, supra,* 353 U.S. at 62, 77 S.Ct. 623; *United States v. Rawlinson,* 487 F.2d 5, 7 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974). We decline to adopt a balance which would make revelation mandatory in almost all instances.

AFFIRMED.