**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pipat SUKUMOLACHAN,
Defendant-Appellant.**

No. 78–2289.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

---

Darrell W. MacIntyre, Los Angeles, Cal., for defendant-appellant.

Howard R. Schechter, Schwartz, Schechter & Sklerov, Van Nuys, Cal., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant Sukumolachan was convicted under 21 U.S.C. § 846 of conspiracy to possess and distribute a controlled substance, heroin.

At trial, a Drug Enforcement Agency informant, Claude Register, testified he purchased heroin from appellant and co-defendants, David Hiller and Hans Wilhelm Loudermilk. Appellant's defense was that he was framed by Register and Loudermilk, who were attempting to gain the favor of the Drug Enforcement Agency.

Hiller had entered a guilty plea and was to be sentenced after the date set for appellant's trial. Appellant moved for a continuance on the ground that he desired to call Hiller as a witness, and Hiller would not testify before he was sentenced. A continuance may be proper under such circumstances upon a showing that if the motion were granted: "(1) the codefendant would be called; (2) he would in fact testify; and (3) the testimony would be favorable to the requesting defendant." *United States v. Hernandez-Berceda*, 572 F.2d 680, 682 (9th Cir. 1978). *See also United States v. Vigil*, 561 F.2d 1316 (9th Cir. 1977). The trial judge denied the motion because appellant was unable to establish to the court's satisfaction that Hiller would testify and that his testimony would be favorable.

Appellant's showing in support of the motion consisted of an affidavit of his counsel stating that counsel was "informed" that after Hiller was sentenced he "will be available and willing to testify," and reciting that it was counsel's "belief" that Hiller would testify to certain facts favorable to appellant's defense.

The government argues that the potential witness's own affidavit must be submitted in support of such a motion. We reject this requirement as too restrictive. Hiller's reluctance to testify before sentencing would make him equally reluctant to file an affidavit with the sentencing judge. In the absence of the potential witness's own affidavit, however, the affidavit of defense counsel should have stated with particularity the grounds for believing Hiller would testify and that his testimony would be favorable. Defense counsel's affidavit failed to do so. Absent such a showing, counsel's assertion that a continuance would provide exculpatory material was "conjecture," as the trial court found. Denial based on such a finding will not be reversed absent clear evidence of an abuse of discretion. *See United States v. Hoyos*, 573 F.2d 1111, 1114 (9th Cir. 1978); *United States v. Lustig*, 555 F.2d 737, 744 (9th Cir. 1977). We find no abuse here.

In an effort to prove that Hiller's voice on one of two key recordings of telephone conversations was an impersonation, appellant sought to compel the government to make voiceprint analyses of the recordings available for his use. There is no evidence that such voiceprint analyses existed. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) does not require the government to create exculpatory material that does not exist.

Evidence of an inculpatory statement made by appellant after his arrest was not disclosed to the defense until the morning of trial. The trial court excluded the statement from the government's case-in-chief, but ruled that it could be used for impeachment. As a result, appellant did not testify.

Appellant argues that the appropriate remedy for such a discovery violation is a

---

\* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

new trial, citing *United States v. Lewis*, 167 U.S.App.D.C. 232, 511 F.2d 798 (D.C.Cir. 1975), and *United States v. Padrone*, 406 F.2d 560 (2d Cir. 1969). In these cases convictions were reversed and remanded for new trials where incriminating statements were not disclosed until after defendants had taken the stand, and were then used for impeachment. Had the defendants in those cases known of the statements, they might have chosen not to testify and thus to avoid impeachment. A new trial was required because there was no other way to correct the prejudice resulting from the failure to disclose until after the defendants had taken the stand and exposed themselves to impeachment. In the present case, appellant received the statement the day before he would have taken the stand. Appellant could and did avoid impeachment by not taking the stand. No other prejudice to appellant's trial preparation resulted from the late disclosure since, in the trial judge's view, one day was sufficient time to prepare any rebuttal to the statement that might have been available. Thus by denying the government use of the statement until the possible cross-examination of the defendant, the court afforded appellant a reasonable opportunity either to avoid impeachment by not taking the stand or to prepare a rebuttal to the statement. By the same ruling the court denied appellant the opportunity to testify without impeachment. This was not an abuse of discretion.

■ Appellant objects that two witnesses whose names were not on the government witness list were allowed to testify. The government need not furnish the defendant with a list of witnesses in a non-capital case. *United States v. Glass*, 421 F.2d 832 (9th Cir. 1969). Appellant argues, however, that if the government supplies a list in a non-capital case, it is reversible error if the list is "prepared in such a manner that would mislead the defense in preparation for trial." There is no reasonable basis for an argument that the omission of the two witnesses in this case could have significantly misled appellant. One witness provided straightforward information about where the defendant lived.

The other was the informer, and appellant was well aware of his existence and possible testimony.

■ Appellant objects because his proposed instruction on reasonable doubt was not given. It read: "If there are two plausible theories, one consistent with innocence and the other consistent with guilt, the jury must adopt the former."

This instruction embodies one of innumerable variations of the theme that circumstantial evidence must exclude every hypothesis but that of guilt. None are to be recommended. *United States v. Nelson*, 419 F.2d 1237, 1240–41 & n.6 (9th Cir. 1979). *United States v. Pena*, 527 F.2d 1356 (5th Cir. 1976), is not to the contrary. In *Pena* the defendant complained because such an instruction *was* given. The court criticized the instruction but refused to reverse where the instructions as a whole fairly submitted the reasonable doubt standard to the jury, as they did in the present case. The court might also have held that the defendant could not complain of the instruction since it skewed the test in his favor, not against him.

Affirmed.