**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Connie HAMMOND, Defendant— Appellant.**

No. 01–16333.

D.C. Nos. CV–98–1113–LDG, CR–95–00258–1–LDG.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 4, 2002.*

Decided Nov. 6, 2002.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

In her pro se petition, Hammond makes a variety of allegations regarding the alleged professional errors of her appointed trial counsel. To be entitled to relief, she must prove both that her counsel's performance fell below objective standards of reasonableness and that the deficient performance prejudiced her case. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The district court correctly dismissed most of Hammond's claims because she cannot satisfy the prejudice prong of *Strickland.* Although Hammond contends that her counsel did not "properly" cross-examine Officer Roderick regarding her voice and physical identification of Hammond, her counsel's closing argument focused almost exclusively on pointing out the weaknesses in Roderick's identification. Hammond does not suggest what more could have been done through cross-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

examination or how something more would have changed the outcome of the trial. Similarly, Hammond faults her attorney for not emphasizing exculpatory forensic evidence, but her attorney repeatedly pointed out the lack of fingerprints during her closing argument. We do not believe that more emphasis would create a "reasonable probability" of a different outcome. *Id.* at 694.

Hammond also contends that her counsel was ineffective for failing to investigate the role of various unidentified females who may have been involved in other conspiracies with her co-defendant Macklin. Hammond cannot demonstrate how this failure prejudiced her case, as the government had to prove only that Hammond was involved in the charged conspiracy.[1]

Next, Hammond argues that her counsel failed to properly object to gang references. However, co-defendant Macklin's counsel objected to the introduction of witnesses as members of the "Southern Nevada Gang Task Force," and the parties agreed it was not a gang case and that no further gang references would be used. Hammond cannot show that her attorney's failure to object—after an objection by her co-defendant's attorney—had any effect on the outcome of her verdicts.

Hammond further argues that her counsel was ineffective for failing to object to prosecutorial misconduct during closing argument. On direct appeal, however, this court determined that no prosecutorial misconduct occurred. Accordingly, her counsel did not err by failing to object.

■ Hammond also contends that her counsel erred by failing to move to suppress Macklin's statements as violations of the confrontation clause and by failing to

seek a severance on such grounds. The trial court admitted Macklin's statements as statements of a co-conspirator in furtherance of the conspiracy pursuant to Federal Rule of Evidence 801. With respect to suppressing the statements, it would have made no difference if counsel had objected on confrontation clause grounds, as the admissibility requirements under the Federal Rules of Evidence mirror the Sixth Amendment requirements. *United States v. Paris*, 827 F.2d 395, 400 (9th Cir.1987). Likewise, Hammond would not have been entitled to a severance unless she could prove that in a separate trial she would have called Macklin and he would have testified favorably (i.e., that Hammond was not the "Connie" to whom he referred in the conversations with Officer Roderick). *See United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir.1977) (per curiam). Hammond has not suggested this was the case. Accordingly, Hammond was not prejudiced by her attorney's failure to seek a severance on this ground.

With respect to two of Hammond's claims, however, we believe that the district court erred in dismissing them without an evidentiary hearing. A district court must grant an evidentiary hearing on a petitioner's Section 2255 motion if there is a factual dispute and the petitioner's version, if true, would warrant relief. *United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir.2000). An evidentiary hearing is particularly appropriate when the claim involves facts that occurred outside the courtroom. *Id.*

■ Hammond contends that her trial attorney failed to investigate an alibi witness who would have testified that Hammond was not in Las Vegas during the

---

1. We also note that the jury was instructed on multiple conspiracies and advised that they should acquit Hammond if they did not believe the government proved its case on count two, even if they believed Hammond was guilty of some other conspiracy.

time of the alleged criminal activity. In a similar vein, Hammond asserts that her defense counsel should have called Officer Green as a defense witness. Green, who was a passenger in the car during the drug sale on August 3, 1995, apparently knew Hammond from involvement in a local sports league and allegedly could have testified that Hammond was not the person who sold Officer Roderick drugs that day. The government submitted an affidavit from the trial attorney that she hired an investigator to interview "any and all witnesses" Hammond suggested, but that she determined no favorable testimony could be presented through them. This creates a factual dispute; the district court erred by simply accepting the attorney's affidavit as true. *See id.* at 1159–60.

Appointment of counsel is mandatory when an evidentiary hearing is required. *Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir.1984). Therefore, on remand, Hammond is entitled to appointed counsel.

We do not address the additional allegations of ineffective assistance of counsel that are not contained in Hammond's petition and are raised for the first time on appeal. This denial is without prejudice to Hammond's ability to present these additional claims to the district court on remand in a motion to amend the petition.

REVERSED AND REMANDED for further proceedings consistent with this disposition.

* The Honorable Bobby R. Baldock, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.