**UNITED STATES of America,
Plaintiff,**

v.

**Omar Abdi MOHAMED, Defendants.**

**No. 03CR3433 JAH.**

United States District Court,
S.D. California.

Jan. 26, 2005.

(4) national security concerns precluded defendant's discovery of classified materials.

Steven R. Cook, Assistant United States Attorney, John N. Parmley, Assistant United States Attorney, United States Attorney's Office, Southern District of Cali-

fornia, Criminal Division, San Diego, CA, On the date the order was issued counsel: for the United States.

Mahir Twefik Sharif, Law Offices of Mahir T. Sharif, San Diego, CA, for Defendant.

## ORDER RE: CIPA ISSUES

HOUSTON, District Judge.

### INTRODUCTION

On July 30, 2004, this Court denied the government's motion in-limine to prohibit or limit Defendant's cross-examination of Agent Steven Schultz and/or other government witnesses on the issue of bias and prejudice, including Defendant's theory that the instant prosecution was based on Agent Schultz's misguided belief that Defendant is a terrorist or engages in terrorist-related activities. The government thereafter filed a motion to reconsider and a request that, in the event the cross-examination would proceed as ordered, the Classified Information Procedures Act ("CIPA") requirements be applied to this case.

Upon the government's notification that issues may arise to trigger the application of CIPA in this matter, the Court issued an order directing Defendant to serve the government with his discovery requests and proposed questions for cross-examination of the prosecution's case agent, Steven Schultz, and setting dates for handling any CIPA issues brought forth by Defendant's questions and/or discovery requests. After receiving Defendant's discovery requests and proposed questions, the government sought leave to submit documents directly to the Court *ex parte* for the Court's *in camera* review. The Court granted the request and the government submitted the following documents: (1) a memorandum; (2) a proposed protective order pursuant to Section 3 of CIPA; (3) a classified declaration ("the declaration")

which would describe the sources, methods of investigation and national security equities at stake, (4) exhibits attached to the declaration consisting of copies of classified documents, and (5) proposed substitute information. The government served the defendant with a generic description of the information pursuant to 18 U.S.C.App. 3, § 6(b)(1).

### DISCUSSION

#### I. Disclosure and Use of Documents Reviewed *In Camera* for Purposes of Cross–Examination

Defendant has noticed his intent to cross-examine Agent Schultz and submitted a list of questions he intends to pursue to establish bias and improper motive. He asserts, in part, that if the government has any classified information it is probably uncorroborated hearsay and lies that the witness, Agent Schultz bought into and never corroborated. He further asserts the government has no evidence to show Defendant is a terrorist, funded terrorists or otherwise assisted terrorists. Defendant argues Agent Schultz was therefore biased against Defendant when he obtained grand jury subpoenas, conducted the second interview, arrested Defendant and in his presentation of the case to the grand jury to obtain the indictment. The government objects to Defendant's proposed line of cross-examination.

Outside the presence of the attorneys and Defendant, this Court reviewed materials that may arguably be related to the line of cross-examination proposed by Defendant.

#### A. Legal Standard

 A defendant has a constitutional right to confront witnesses against him. U.S. Const. Amend. VI. This right goes beyond being allowed to confront the wit-

ness physically. *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). "Indeed, the main and essential purpose of confrontation as to secure for the opponent the opportunity of cross-examination." Id. at 315–16, 94 S.Ct. 1105; *Delaware v. Van Arsdall,* 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). While the Federal Rules of Evidence do not explicitly recognize proof of bias and improper motive as permissible grounds for attacking credibility of witnesses, bias and improper motive evidence has been favored as a basis for attacking credibility of and weight to be given to testimony. *United States v. Abel,* 469 U.S. 45, 51, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). For the "exposure of a witness' motivation in testifying is a proper and important function of the constitutional right of cross-examination." *Davis,* 415 U.S. at 316–17, 94 S.Ct. 1105. The Constitution does not, however, preclude reasonable limits on impeachment for bias. *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. 1431. The Court has authority to limit the scope of cross-examination. Fed. R.Evid. 611. As such, evidence of bias by its nature, must increase the possibilities that the witness is biased. *See United States v. Jarabek,* 726 F.2d 889 (1st Cir. 1984) (evidence did not demonstrate that witness was motivated by desire to curry favor with prosecutor).

■ A district court has broad discretion to limit the scope and extent of cross-examination, but only so long as the jury has before it sufficient information to make a discriminatory appraisal of the witness's possible biases and motive for testifying falsely in favor of the government. *United States v. Dudden,* 65 F.3d 1461, 1469 (9th Cir.1995). In *Dudden,* the Ninth Circuit held it was not error for the district court to limit cross-examination of the issue of bias following the court's in camera questioning of the government agent and finding the proffered testimony would have been cumulative to other evidence of bias

that could be shown to and considered by the jury. *See id.* at 1470.

**B. Analysis**

As a result of the *in camera* examination of the submitted materials, and considering the pleadings of the parties, the Court finds that Defendant has not proffered sufficient reasons why the proposed cross-examination should proceed, that the materials are not relevant or discoverable and, even if relevant, any probative value of the proposed line of questioning is outweighed by considerations pursuant to Federal Rule of Evidence 403. Additionally, the documents should not be disclosed to the Defendant for national security concerns.

First, the materials are devoid of exculpatory matters, and none of it is relevant to show improper motive to prosecute, falsify or distort testimony, prejudice or other bias against the defendant, Muslims, Africans, Somalis and persons of the Islamic faith. As such, the government has no obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) to produce the materials.

Second, with regards to the material contained in Exhibit B of the declaration, the Court finds it is not relevant to the pending charges, and is not otherwise discoverable under Rule 16 or any other controlling authority. With regards to the material contained in Exhibit C of the declaration, the Court finds that portions of the material is arguably relevant to the proposed line of cross-examination but irrelevant to the pending charges and not otherwise discoverable under Rule 16.

■ Without doubt, the defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the defendant or which pertains to the

credibility of the government's case. As the Ninth Circuit stated in *United States v. Gardner*, 611 F.2d 770 (9th Cir.1980):

> The prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

*Id.* at 774–75 (citations omitted). *See also United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir.1980) (the government is not required to create non-existent exculpatory material; *United States v. Flores*, 540 F.2d 432, 438 (9th Cir.1976) (*Brady* does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure). As such, Defendant is not entitled to discovery of the material pursuant to Section 3 of CIPA.

Even if the materials were relevant, the Court finds they should not be disclosed and/or utilized for purposes of the proposed cross-examination. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. District Courts have wide discretion in excluding evidence pursuant to Rule 403. *United States v. Layton*, 767 F.2d 549, 554 (9th Cir.1985).

■ Upon balancing the interests dictated by Rule 403, with due consideration to Defendant's right to confrontation, the Court finds the probative value of the materials and proposed area of inquiry are substantially outweighed by the undue prejudice, delay, and confusion of and distraction from the issues. As discussed below, distraction and confusion are bound to occur as a result of the public's consumption of matters surrounding national and international post 9/11 war on terrorism objectives. The materials would not increase the possibilities that the witness is biased, *see Jarabek*, 726 F.2d at 902, and any cross-examination would result in the needless presentation of cumulative evidence, *see Dudden*, 65 F.3d at 1470 (jury can reasonably infer [the agent], as a law enforcement officer, was responsible for the investigation... had an interest in the outcome of the case and was biased against [the defendant]). The disclosure of the material and Defendant's intent to cross-examine on issues related to terrorism and Defendant's relationship, if any, thereto would add-little, if anything, to the probative force of other evidence of bias in the case (i.e. the nature and extent of video-taped interviews, length of application process and other matters identified by Defendant in the course of these proceedings that affect the credibility of the government's case).

■ Additionally, the probative value of the evidence through the proposed cross-examination would be enhanced if the circumstances were such that Agent Schultz was the primary government witness possessing substantial evidence on which the government relied to prove guilt. However, this is not the case where the determination of guilt or innocence rests on the believability of the defendant's word against the word of a single or primary government witness. Certainly this scenario would make the assessment of the agent's credibility more crucial. While recognizing Schultz as the case agent, there is significant additional evidence upon which guilt or innocence may be determined, including, but not limited to, the naturalization application purportedly prepared by the defendant; travel documents, Saudi Arabia pay records and other evidence seized pursuant to a search warrant; INS A-file records; bank records; video-taped interviews and another government investigator present during the interviews.

This evidence militates against the probative force of unbridled cross-examination of Schultz in light of the countervailing concerns.

Moreover, a limiting instruction would be little to no assistance in minimizing the danger of unfair or undue prejudice, confusion and distraction to the fair determination of the issues involved in the case, in light of the public's saturation with post 9/11 national and international security issues.[1] As such, in balancing the proffered cross-examination and its benefits, if any, against the costs of the evidence, the Court finds that the probative value is substantially outweighed by the enumerated countervailing factors and the proposed cross-examination should be precluded.

 Even if the probative value outweighs the countervailing factors under Rule 403 analysis, the Court must determine whether the government has asserted a colorable claim to preclude discovery based upon national security concerns an, if so, balance the defendant's interest in disclosure of the material against the government obligation to protect national security. A district court may balance a defendant's need for information against national security concerns when determining whether information is discoverable. *United States v. Sarkissian,* 841 F.2d 959, 965 (9th Cir.1988); *United States v. Yunis,* 924 F.2d 1086, 1096 (D.C.Cir.1991); *United States v. Rezaq,* 156 F.R.D. 514, 526 (D.D.C.1994). Here, the government has met its burden of a colorable claim to preclude the discovery.

Upon a thorough review of the documents and consideration of Defendant's need for the materials and confrontation rights, the Court finds national security concerns substantially outweigh Defendant's need for the documents. The findings and reasoning articulated in the Court's careful balancing of the probative worth against the countervailing factors pursuant to Rule 403 apply here as well. Additionally, the materials contain information outside the scope of the pending charges, and involve matters and investigations having broader national security concerns that would confuse the issues, mislead the jury, and create side issues or mini trials resulting in undue prejudice, undue delay and waste of time. Moreover, disclosure would compromise national and international intelligence sources without adding any appreciable benefit to the determination of truth, veracity or bias in this case. Even redaction would neither curb the danger of violating the integrity of national security concerns nor increase the possibility that the witness is biased. Accordingly, Defendant's interest in the materials and any cross-examination thereon is substantially outweighed by these national security concerns. The contents of the materials should not be disclosed and cross-examination should not be permitted thereon due to overwhelming national security concerns.

## II. The Government's Motion for Reconsideration Court Order Denying Government's Motion to Limit Cross–Examination

The government has moved for this Court's reconsideration of its prior order denying the government's request that cross-examination of Agent Schultz be limited.

1. Additionally, clouding the record with the introduction of this evidence on cross-examination would permit the jury to decide the case on an improper basis, *see United States v. Moorehead,* 57 F.3d 875 (9th Cir.1995) (since charged with gun offense, error for court to elicit testimony concerning the defendant's paging habits and daily routine, which created inference the defendant was a drug dealer), to the detriment of both parties and the fair administration of justice.

After the *in camera* review and consideration of the defendant's proposed line of cross-examination and based upon the finding made herein, the Court finds it would be error to permit the cross-examination to proceed as previously ordered. Accordingly, the government's motion to reconsider is GRANTED.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED**:

(1) The materials reviewed *in camera* are not discoverable.

(2) The cross-examination of Agent Schultz, and other government witnesses, shall be limited to exclude questions and answers requiring disclosure of information contained in the materials.

(3) Based on the Court's findings, the government's motion for reconsideration to limit the defendant's cross-examination is **GRANTED**