**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel DAVID, Defendant—Appellant.**

No. 05–10340.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Filed Aug. 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hannah Horsley, Esq., Stacey P. Geis, USSF—Office of The U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Esq., Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN,** Senior District Judge.

### MEMORANDUM ***

**1.** There was sufficient evidence to support Daniel David's (David) mail fraud conviction. The government was not required to prove any specific false statements, only that David devised a scheme with the intent to defraud, and used the mails to execute that scheme. *See United States v. Woods,* 335 F.3d 993, 998 (9th Cir.2003). David's "convergence" argument fails because the scheme to defraud necessarily encompassed both the supplier of the payphone lines as well as the 800–number subscribers.

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**2.** The district court properly rejected David's proffered jury instructions and verdict forms. *See United States v. Goland,* 959 F.2d 1449, 1453 (9th Cir.1992) ("A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of the law for the jury to apply the facts, or if it would tend to influence the jury toward accepting the defendant's version of the facts.") (citation, internal quotation marks, and alteration omitted).

■ The instructions properly stated the requisite elements for a mail fraud offense, as the government was not required to prove any specific false statements. *See Woods,* 335 F.3d at 998.

■ No unanimity instruction was required, because only one scheme to defraud was presented to the jury. *See United States v. Jackson,* 72 F.3d 1370, 1383 (9th Cir.1995).

■ **3.** There was no constructive amendment of the indictment. The scheme to defraud theory was charged in the indictment; evidence of the scheme was presented during trial; and the instructions addressed the scheme to defraud. *See Woods,* 335 F.3d at 1000.

■ **4.** David failed to establish that 18 U.S.C. § 1342, prohibiting the use of a false name to commit mail fraud, contains a materiality requirement. *See United States v. Wells,* 519 U.S. 482, 491, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). Therefore, there was no requirement that the indictment include a materiality element. *See United States v. Hinton,* 222 F.3d 664, 672 (9th Cir.2000) ("In essence, a legally sufficient indictment must state the elements of the offense charged . . .") (citation omitted).

**5.** The district court properly rejected David's proffered jury instruction purporting to explain 47 U.S.C. § 227, the "autodialer statute," because it was "not legally accurate." *United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir.2000).

■ **6.** The district court did not abuse its discretion when it denied David's motion to compel immunity for his former co-defendant. *See United States v. Whitehead,* 200 F.3d 634, 640 (9th Cir.2000) ("The fact-finding process is intentionally distorted where the prosecutor intentionally causes the witness to invoke the Fifth Amendment privilege or grants immunity to a witness in order to obtain testimony, while denying immunity to a defense witness whose testimony would directly contradict that of the government witness.") (citation, internal quotation marks, and alteration omitted).

■ **7.** The district court also did not abuse its discretion in denying David's motion for a continuance, particularly given David's contradictory positions before the district court regarding the portent of his co-defendant's testimony. *See United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir.1980); *see also United States v. Wills, II,* 88 F.3d 704, 711 (9th Cir.1996) ("The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion.") (citation omitted).

**AFFIRMED.**