**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10112 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:14-cr-01558-CKJ-CRP-1 |
| MARTHA EDILIA SOLANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted July 10, 2017
San Francisco, California

Before:  GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,[**] District Judge.

Martha Solano appeals her convictions for conspiracy with intent to distribute, possession with intent to distribute, conspiracy to import, and importation of methamphetamine.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

The district court did not err by denying Solano's motion for disclosure of the confidential source's identity. The court reviewed the Government's information about the source *in camera* and reasonably applied the balancing test from *Roviaro v. United States*, 353 U.S. 53 (1957). *See United States v. Jaramillo-Suarez*, 950 F.2d 1378, 1387 (9th Cir. 1991) (holding that there was no abuse of discretion in denial of disclosure motion where there was no evidence that confidential informant was only witness to alleged crime and the Government did not rely on source's information at trial).

To the extent that Solano asked the court to order the Government to affirmatively investigate certain individuals, the court did not err by denying this request. *See United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980) (per curiam) (observing that *Brady v. Maryland*, 373 U.S. 83 (1963), "does not require the government to create exculpatory material that does not exist"); *see also United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir. 1985).

The court did not err by giving a deliberate ignorance instruction to the jury. Solano argues that if the jury rejected the Government's evidence of actual knowledge—ownership of multiple Trailblazers with identical interiors, frequent border crossings, limited reported income, allowing the Trailblazer to leave her possession while in Mexico, and the firmness of the seats—it could not then find deliberate ignorance. But this argument misinterprets *United States v. Heredia*,

483 F.3d 913 (9th Cir. 2007) (en banc).

Here, as in *Heredia*, the Government's evidence of direct knowledge was circumstantial. *See id.* at 923. And here, as in *Heredia*, the jury could have either inferred that Solano knew of the drugs in her car based on that circumstantial evidence or rejected the inference and believed that Solano did not have actual knowledge. *See id.* And finally here, as in *Heredia*, the jury could have rejected finding actual knowledge but nonetheless believed that the same evidence supported a finding of deliberate ignorance. *See id.* Solano's attempt to distinguish *Heredia* based on Heredia's testimony that she suspected that there were drugs in her vehicle is unavailing. Our analysis in that case turned on the range of conclusions that the jury could have drawn from the evidence, not on any particular piece or type of evidence, or on which witness presented that evidence. *See id.* The district court's conclusion here that the jury could find willful blindness even if it rejected actual knowledge, and its decision to give the deliberate ignorance instruction were thus consistent with our en banc decision in *Heredia*. The district court did not abuse its discretion in giving the instruction.

The district court also did not abuse its discretion in denying the motion for a new trial. Like the district court, we have reviewed the Government's information about the source *in camera*. Even if we assume that information that a district court had already reviewed *in camera* could count as newly discovered

3

evidence for the purposes of a new trial motion, the source's identity and potential testimony do not "indicate[] the defendant would probably be acquitted in a new trial." *See United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013) (quoting *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010)). And even if the source would have corroborated Bojorquez-Rodriguez's testimony, that testimony is still consistent with deliberate ignorance.

**AFFIRMED.**