
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10504 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01387-JAS-BGM-1 |
| v. | |
| DONNIE RAY JOSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted March 4, 2019
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Donnie Ray Jose appeals his convictions for assault with a dangerous

weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and assault resulting in

serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153.  We affirm,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

but remand to the district court to revise one of the written supervised release conditions to match the oral pronouncement at sentencing.

**1.** The district court did not abuse its discretion by continuing trial for fourteen days after the prosecutor discovered a recording of Tohono O'odham police officers interviewing the victim. In determining whether a continuance is appropriate, trial courts should consider (1) the requesting party's diligence, (2) the utility of the continuance, (3) inconvenience to the court and the other side, and (4) prejudice. *See United States v. Pope*, 841 F.2d 954, 956 (9th Cir. 1988). The majority of those factors supported the trial court's decision here. The government made a good faith attempt to meet its discovery obligations. The continuance opened the door for the potential consideration of relevant evidence. Jose suffered no prejudice because the two-week continuance allowed him to digest the recording and make any necessary changes to his defense strategy. *See United States v. Sukumolachan*, 610 F.2d 685, 688 (9th Cir. 1980) (per curiam).

Jose contends that he suffered a different form of prejudice: If the recording had been excluded, Jose could have argued that the victim had recently fabricated her explanation of how she was able to identify Jose as her attacker. That defense was thwarted by the recording and the court's ruling that, even though the recording could not be introduced in the prosecution's case-in-chief, it could be

used to rebut a fabrication claim. "[T]hat is not the sense in which [a defendant] must demonstrate prejudice." *United States v. Espericueta-Reyes*, 631 F.2d 616, 623 n.6 (9th Cir. 1980) (rejecting a similar argument); *United States v. Eddy*, 549 F.2d 108, 113 (9th Cir. 1976) (same). Jose was not entitled to have the recording excluded because it "damaged [his] case." *Eddy*, 549 F.3d at 113. Consequently, the majority of the pertinent factors favored continuing trial for two weeks. The district court did not abuse its discretion by doing so.[1]

**2.** We also reject Jose's assertion that he is entitled to a new trial because two witnesses violated an *in limine* ruling by referencing his prior acts of domestic violence. Because Jose did not object, this court reviews for plain error. *United States v. Hanley*, 190 F.3d 1017, 1029 (9th Cir. 1999), *superseded on other grounds by* U.S.S.G. 2S1.1. None of the challenged statements directly referenced Jose's prior abuse. As a result, it was not "clear-cut" or "obvious" that the testimony violated the *in limine* ruling. *United States v. Wahid*, 614 F.3d 1009, 1015 (9th Cir. 2010). The district court did not plainly err by admitting it. *See id.*

---

[1] For the same reasons, the district court did not abuse its discretion by permitting the government to use the recording in rebuttal, or by rejecting Jose's proposed solution, which was preclude all references to the scent of his cologne. *See Sukumolachan*, 610 F.2d at 688.

3

**3.** Jose's assertion that he is entitled to a new trial because of three purported instances of prosecutorial misconduct also lacks merit. The prosecutor did not act improperly by asking several witnesses how the stabbing affected them or by responding to defense counsel in her closing argument. Even if the prosecutor acted improperly by discussing during closing the impact of the stabbing on several young children, Jose suffered no prejudice. Substantial evidence established Jose's guilt. Jose and the victim argued shortly before the stabbing, several witnesses testified that Jose was the assailant, and Jose did not identify another credible suspect. Moreover, the prosecutor's argument would not have had a significant impact on the jury. The evidence showed that several young children witnessed the stabbing, and the jury would have understood that to be a traumatic experience even if the prosecutor had said nothing. Under those circumstances, the prosecutor's closing argument did not affect Jose's substantial rights. The district court did not plainly err by permitting it. In addition, for same reasons discussed above, there was no cumulative error.

**4.** As the Supreme Court recently reaffirmed, prosecutions under the laws of separate sovereigns do not violate the Double Jeopardy Clause. *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Jose was initially prosecuted by the Tohono O'odham Nation, a government with "inherent and independent sovereignty." *See*

4

*United States v. Male Juvenile*, 280 F.3d 1008, 1020 (9th Cir. 2002). "Accordingly, the subsequent federal prosecution did not violate the Double Jeopardy Clause." *Id.*

5. The district court did not plainly err by imposing a condition of supervised release that prohibits Jose from contacting the victim's family members, some of whom were also related to Jose. The rationale underlying that condition is apparent from the record: the court reasonably concluded that it was necessary to protect both the victim and her family. More specific findings were not necessary, because the condition does not prevent Jose from contacting his own intimate family members, such as his children or a life partner. *See United States v. Wolf Child*, 699 F.3d 1082, 1090, 1093-94 (9th Cir. 2012); *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010).

6. Finally, we reject Jose's challenge to the condition of supervised release that requires Jose to give his probation officer access to his financial records. A financial disclosure condition is appropriate when a defendant must pay restitution. *United States v. Garcia*, 522 F.3d 855, 861 (9th Cir. 2008). As the government pointed out, the district court ordered Jose to pay restitution to Indian Health Services. Jose did not respond to that argument.

Nevertheless, both parties agree that the district court's judgment did not reflect the sentence it orally pronounced. At the sentencing hearing, the district court required Jose to "provide all financial documentation" that his assigned probation officer "reasonably requested." That limitation was not included in the written judgment. The written judgment also added a clause that permitted the probation office to share Jose's financial information with the U.S. Attorney's Office. Because the court's oral pronouncement is controlling, we "remand so that the district court can make the written judgment consistent with the oral pronouncement." *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (quoting *United States v. Hick*, 997 F.2d 594, 597 (9th Cir. 1993)).

**AFFIRMED in part, VACATED and REMANDED in part.**